Ana Luisa REYES–VELASQUEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72026.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and

_____

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Naturalization Service Office of the District Counsel, Seattle, WA, Marion E. Guyton, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Ana Luisa Reyes–Velasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

The evidence regarding domestic violence and her older daughter's language abilities that Reyes–Velasquez presented with her motion to reopen concerned the same basic hardship grounds as her application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that that evidence would not alter its prior discretionary determination that Reyes–Velasquez failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

The evidence regarding her younger daughter's asthma that Reyes–Velasquez presented with her motion to reopen concerned an entirely new basis for finding hardship. *See id.* at 601–02. We therefore have jurisdiction to consider whether the BIA abused its discretion in considering whether that evidence justified reopening. *See id.* (holding that the BIA's consideration of evidence directed at "an entirely new basis for finding hardship" is "reviewable for abuse of discretion, as the petitioner is presenting a basis for relief that was not previously denied in the exercise of the agency's unreviewable discretion"). The BIA did not abuse its discretion by denying the motion to reopen, because the BIA considered the evidence Reyes–Velasquez submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

In light of this holding, we do not consider Reyes–Velasquez's contention that the evidence was new and material.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.